222638 Barani Anandakrishnan v. Attorney General Merrick Garland. Good morning. Good afternoon. Good afternoon, Your Honors, and may it please the Court. I am Daniel Tolman. I represent the petitioner Barani Anandakrishnan in this appeal. Petitioner essentially raises two interrelated arguments. Basically, the questions before this Court are really whether it has jurisdiction to consider the appeal. That is the paramount question, I suppose. But that question relates to the second issue, which is if the Court does have jurisdiction, did the Board of Appeals commit legal error in this case in denying his motion to reconsider his motion to reopen the Board's prior decision? As I said, the two are interrelated, and there have been different rulings from this Court, of course, some favorable and largely adverse, regarding the issue of jurisdiction. The crux of that issue, of course, as the government points out and the Court is aware, is the fact that the motions are decided in the exercise of discretion. However, this Court has also recognized certain exceptions in which review is obtainable when there are legal errors involved. And our position is that in this case, the adjudication of the motion contained legal errors. So essentially, if this Court finds that legal error was committed by the Board, then it should also find that the Court has jurisdiction to consider. What's the most significant legal error you believe was committed? Your Honor, one that unfortunately did not catch it at the time of briefing is the Board's engaging in fact-finding, essentially. It made two findings of fact that we believe were incorrect. One, regarding whether ineffective assistance of counsel had taken place. And second, regarding the lately raised by counsel before the Board argument that equitable tolling was warranted. The Board found that due diligence was not exercised by the petitioner, and this affected both findings. Okay, but neither of those points are affirmatively advanced in your blue brief, correct? That's correct, Your Honor, and I apologize for that to the Court and the government. The Board is prevented from engaging in fact-finding under 8 CFR 1003.1d34, and in this case it's pretty clear that the Board did that. What the Board should have done at that instance is remand the matter for further fact-finding. It made conclusions of fact that had not been reached before, had not been established. And it even notes in its decision on the motion to reopen that the facts are unclear, particularly with regard to ineffective assistance. The petitioner had failed to appear at his hearing before the immigration judge, and there are conflicting allegations regarding whether or not the attorney was at fault for the petitioner's failure to appear. The petitioner did file a complaint with the ARDC in order to comply with matter of Lozada, the precedent regarding reopening in such circumstances. But then the attorney's response was allegedly, according to intermediary counsel at the reopening stage, self-serving. So the response essentially threw the petitioner under the bus and said, no, this is their fault. That clearly presents a contradiction or a conflict between what... What seems tough for you on that front is the administrative record in the case seems to make clear that it wasn't just, what's her name, Ms. Kwan, Angela Kwan, the counsel, was aware of the March 7th, 2018 removal hearing. The hearing turned out to be a removal hearing. But that your client was as well. That seems clear from the administrative record in the case, does it not? Your Honor, it's not in dispute that the date was stated at the time of the last hearing that the petitioner appeared at. So he did hear it. I don't see anything in the record to contradict that. And I don't think that it was ever alleged that he did not hear it. However, Your Honor, in light of the way that these proceedings work and the stakes involved for individuals who are there for the first time, they're nervous. They don't know what to expect. It is not uncommon for them to just not write it down. And also, the motion filed by retired Judge Vindicore does state and allege, and I think the affidavit did as well, that at the time he did not record the date of the hearing and that the notice of hearing was provided to Ms. Kwan, not to the petitioner himself. So when he leaves the courtroom that day, it's not apparent from the record that he has anything in writing to tell him what the date is. Again, this is a matter that could have been addressed and should have been addressed by the immigration judge two steps below in an evidentiary hearing to decide whether or not the petitioner was, in fact, at fault or not for failing to appear. So that's essentially the thrust of the argument. And with regard to the due diligence, again, taken in full context, the board essentially looks at purely calendar dates and creates a duty of inquiry that it finds triggered far earlier than we believe it should have. The prior counsel, Ms. Kwan, who the most recent motion to reopen alleges was ineffective and also the motion alleges was trying to cover her own actions, essentially was still at the helm of the petitioner's immigration case. And it's reasonable to understand that the petitioner would just have responded to whatever her attorney was telling her was going on. So, yes, there's a removal order, but the attorney could very well explain, this is fine. We can fix this. We're going to do this. So there really is not a triggered duty to take action at that point. It's not, frankly, reasonable to expect that a person who's never been involved in the immigration system and has hired an attorney specifically to guide them through that system would automatically know when something is going wrong, especially if their attorney is telling them otherwise. And this is what the motion alleges essentially took place, but the board overlooks that completely and simply assumes just based on the dates that he should have filed a bar complaint three years earlier than he did. And, Your Honors, if there's no further questions, I'll reserve time for rebuttal. Very well. Thank you. Ms. Lesnau? Good morning. Good afternoon. Good afternoon. Thank you, Your Honors, and may it please the Court. Jessica Lesnau on behalf of the Attorney General. I'll follow Petitioner's lead in his statement that there are really two main questions here, or in our view, more specifically, one that's pertinent to argument today, and that is whether the court has jurisdiction to review the agency's declination to exercise its sua sponte authority. This court in recent years has grappled with its ability to review the board's declination. And so in Fuller, the court reiterated prior precedent that basically says the merits of a sua sponte determination are unreviewable. But in Fuller, the court said where the board misapprehended the basis of a motion to reopen, then this sort of narrow pathway is created where the court can review because there is some type of legal error that the court can get its hands on, so to speak. But in Malucas, which is another recent case, the court said, well, the term sua sponte is oxymoronic in and of itself because it's a misnomer. It's asking the board to exercise an authority that it can, of its own accord, exercise if it so wishes. And that was the point of Malucas, is that should the board have to say anything if it declines to exercise its sua sponte authority? In Malucas, the court, I think it was Judge Easterbrook, was pointing out that in many situations, there are parallels in this court's case law and collateral review. And this court very often says nothing when it declines to collateral review. So in short, we think that this case does not fall within the very narrow ambit of Fuller. There's no indication here that the board misapprehended the basis of petitioner's request for sua sponte reopening. There's no indication that the board failed to review the evidence that he submitted. And there's no indication that the board declined to address at all, though I would note, Your Honor, that Judge Scudder, that you recently even questioned whether the board has any requirement to make a statement when it does decline to exercise its sua sponte authority. And that was in Salazar. I regret that that's not in our brief, but it's a good point. And the point really is, does the board have to say anything? But here, it's clear that the board said more than enough in declining and exercising its authority. So in short, the government would request that the court dismiss the petition with regard to sua sponte claims and deny the petition insofar as the remaining aspects have been waived. Any further questions from the court? I will present the briefs. No, many thanks for your brief and for your argument. Mr. Tillman, you've got a couple, almost three minutes you reserve. I will move along quickly. Thank you, Your Honors, and again, good afternoon. Regarding the government's appointing to Fuller, the government is correct. It did carve out a narrow exception, and that case did involve the misapprehension of facts. Specifically, the board considered the motion that that petitioner had filed to be based on something different than it really was. But my position is that this case also fits within that narrow exception because, again, we are looking at factual determinations that the board made regarding due diligence and regarding whether or not ineffective assistance of counsel took place. As far as Your Honor's concurrence in Salazar Marroquin, counsel is correct that there was a concern expressed about the effect that this would have on essentially requiring the board to address every single point that a petitioner made in the motion. And as the court is very well aware, that is not actually what is required, but you have to show some engagement, sufficient level of engagement with the facts and the arguments to show reasoning is actually taking place. And to the point that, and yes, it was Judge Easterbrook who repeatedly pointed out the oxymoronic nature of the term, motion to reopen sua sponte, obviously it is. You can't ask somebody to do something on their own, even though it's routinely done in immigration court, or at least it was done because now the regulation has changed. Sua sponte authority has been changed significantly, so we'll probably not see that much more of that. But I would like to point out that the difference between a circuit court issuing a decision without explanation is different from an administrative agency doing that. And there are obligations on the agency to explain its reasoning, whereas no such obligation exists on the court. Thank you, Your Honor, and have a great day. Mr. Tomlin, thanks to you, thanks to counsel for the Attorney General. Ms. Lesnow will take the appeal under advisement.